UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| JONATHAN GARFINKLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 19-CV-07007 (JPO) |
| -against- | : | |
| | : | |
| THE CONFERENCE ON JEWISH MATERIAL CLAIMS AGAINST GERMANY, INC. and GREGORY SCHNEIDER, | : | **STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION** |
| | : | |
| Defendants. | : | |
| | : | |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and ensure that confidential material is protected, Plaintiff Jonathan Garfinkle ("Plaintiff") and Defendants The Conference on Jewish Material Claims Against Germany, Inc. ("Claims Conference") and Gregory Schneider (collectively "Defendants"), have agreed that the following Stipulation and Order Regarding Confidential Information be entered to govern the handling of Confidential Material (as defined below) produced in this Litigation (as defined below). The parties hereby agree to be bound by the terms of this Stipulation and agree that this Stipulation is enforceable as a stipulation unless and until superseded by the Court's entry of this as an Order.

IT IS HEREBY AGREED:

1. <u>Definitions.</u>

a. The term "Discovery Material" shall mean all documents, electronically stored information, and tangible things (each having the broadest meaning accorded that term under Fed. R. Civ. P. 26 and 34) produced in discovery in this Litigation, whether originals or copies, whether produced pursuant to court order, Fed. R. Civ. P. 34, subpoena, or by agreement,

- 1 -

including interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, and court papers to the extent that such court papers quote, reproduce, or summarize the content of any other Discovery Material.

  b. The term "CONFIDENTIAL MATERIAL" shall mean any Discovery Material designated "CONFIDENTIAL" pursuant to Paragraph 2, below.

  c. The term "producing person" or "producing party" shall mean, with respect to particular Discovery Material, the person disclosing the Discovery Material through discovery. "Producing person" includes the parties to the Litigation and their respective counsel and any other non-parties to the Litigation who are responding to discovery by subpoena or otherwise.

  d. The term "designating person" or "designating party" shall mean, with respect to particular Discovery Material, the person designating the Discovery Material as CONFIDENTIAL MATERIAL pursuant to Paragraph 2, below. The designating person need not be the producing person. A "designating person" may be a party to the Litigation and such party's counsel or any other non-party to the Litigation who is responding to discovery by subpoena or otherwise.

  e. The term "Litigation" shall mean the above-captioned case.

  f. The terms "party" or "parties" mean any person or entity that is party to the Litigation.

  g. The term "Court" refers to the United States District Court in the Southern District of New York as assigned in the captioned case.

  2. Designation of CONFIDENTIAL MATERIAL.

  a. Discovery Material may be designated CONFIDENTIAL by any party or the producing person if that person determines reasonably and in good faith that the Discovery

Material contains (1) trade secrets, non-public proprietary information, or non-public commercially sensitive business information; (2) non-public financial information; (3) sensitive, personal or proprietary employee information including social security numbers, phone numbers, and home addresses; (5) medical records or health-related information; or (6) any other type of information that any party determines reasonably and in good faith is confidential.

  b.  With respect to the CONFIDENTIAL portion of any Discovery Material (other than deposition transcripts, which are addressed below), the producing party shall designate CONFIDENTIAL MATERIAL by stamping or otherwise clearly marking each page as "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.

  c.  If a producing person inadvertently fails to designate Discovery Material as CONFIDENTIAL MATERIAL, it may make the designation belatedly, so long as it does so promptly after learning of the oversight. Counsel for the receiving parties shall take reasonably necessary steps to assure the confidentiality of the CONFIDENTIAL MATERIAL, including reasonable efforts to secure return or destruction of the CONFIDENTIAL MATERIAL by individuals to whom disclosure was made, but would not have been permitted by this Stipulation had the Discovery Material been originally designated as CONFIDENTIAL MATERIAL.

  d.  A party who is a recipient of Discovery Material may designate it as CONFIDENTIAL by notifying the producing person in writing of the need to so designate it. In that event, the party designating shall mark the Discovery Material and distribute the Discovery Material as marked to each party.

  e.  The receiving party shall not be deemed to join in the designating party's legal or factual assertions, claims, or arguments with respect to the confidential nature of Discovery

Material designated CONFIDENTIAL MATERIAL and reserves all rights to object to the confidentiality designation of any such Discovery Material.

3. Restrictions on CONFIDENTIAL MATERIAL. Confidential material produced or revealed in the Litigation shall be subject to the following restrictions:

a. CONFIDENTIAL MATERIAL shall be used only for the purpose of prosecuting or defending the Litigation, or otherwise required by law or by order of a court of competent jurisdiction, and not for any business or other purpose whatsoever.

b. Except as otherwise provided, CONFIDENTIAL MATERIAL shall not be shown, distributed, quoted, or summarized in any way to anyone other than:

i. counsel for the parties in the Litigation who are actively engaged in the conduct of the Litigation (both outside and in-house counsel employed by a party) and secretarial, paralegal, technical, and clerical persons (including outside vendors or service providers) assisting them in the conduct of the Litigation;

ii. this Court and its employees, the triers of fact, and court reporters transcribing testimony herein (whether during the course of deposition or trial testimony) and notarizing officers;

iii. the parties to this action, and employees of the Claims Conference who are involved in overseeing, directing or participating in the Litigation and/or have a reasonable need for the information in connection with the prosecution or defense of the Litigation;

iv. the authors, addressees, copy recipients, originators of the CONFIDENTIAL MATERIAL or other persons whom counsel reasonably and in good faith believes have previously seen or otherwise had access to it;

      v.      experts retained as either consultants or potential witnesses and any other litigation consultants retained;

      vi.      any third-party mediator or neutral selected by the parties or assigned by the Court, including the administrative staff for the mediator or neutral; and

      vii.      witnesses in the course of deposition or trial testimony who are examined in good faith by counsel with respect to CONFIDENTIAL MATERIAL for legitimate discovery or trial purposes, and any person who counsel believes in good faith may be a witness in this action and whose examination with respect to CONFIDENTIAL MATERIAL may be necessary in connection with that testimony. The provisions of this Stipulation apply to any person(s) attending a deposition in which CONFIDENTIAL MATERIAL is disclosed to the same extent as if such person were being shown written CONFIDENTIAL MATERIAL.

    c.    Each person described in subparagraphs 3(b)(v) and (vii) receiving CONFIDENTIAL MATERIAL shall execute a copy of the Certification annexed to this Stipulation (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court).

    d.    An attorney for a party in this Litigation may not disclose CONFIDENTIAL MATERIAL that does not appear on the public docket (in accordance with the terms of this Stipulation) to any person or entity other than as provided in this Stipulation without the prior written consent of the person who designated the material as CONFIDENTIAL. Consent will not be unreasonably refused or delayed, nor shall a response either to consent or refuse consent be unreasonably delayed. If the designating party does not agree, the attorney seeking to show the CONFIDENTIAL MATERIAL may apply to the Court for relief from this Stipulation.

e. Nothing in this Stipulation shall be construed to limit in any way the right of any producing person to use its own Discovery Material, including CONFIDENTIAL MATERIAL, for any purpose and to waive its own designations of CONFIDENTIAL MATERIAL; provided, however, that the Court may consider the producing party's own disposition, distribution, and publication of Discovery Material as bearing on the propriety of a designation of CONFIDENTIAL MATERIAL.

4. <u>Confidentiality of Depositions.</u>  A party or non-party may designate specific information disclosed during a deposition as CONFIDENTIAL MATERIAL by so indicating on the record at the deposition.  Additionally, a party or non-party may designate in writing within thirty (30) days after receipt of the deposition transcript for which the designation is made, that specific pages of a transcript made by a party or the non-party deponent be treated as CONFIDENTIAL MATERIAL. Counsel for the designating party shall provide all parties with replacement copies of the designated transcript(s) in which the CONFIDENTIAL MATERIAL is so marked.

5. <u>Subpoena by Other Courts or Agencies.</u>  If another court or an administrative agency subpoenas or orders production of CONFIDENTIAL MATERIAL that a party has obtained in discovery in the Litigation, the party that has received the subpoena or order shall notify the person who designated the Discovery Material as CONFIDENTIAL MATERIAL of the pendency of such subpoena or order in writing as soon as reasonably possible, but in no event later than seven (7) business days after receiving the subpoena or order, and in any event before the date of production set forth in the subpoena or order.  The designating person may then notify the person receiving the subpoena in writing of the designating person's intent to intervene to resist the subpoena.  Should the designating person give notice of such an intent, the person

receiving the subpoena shall take reasonable and necessary steps to withhold production while the intervening person's motion is pending, if permitted by law; the designating party shall be responsible for, and shall timely pay, all fees and costs incurred by the person receiving he subpoena in order to do so (including attorneys' fees and costs).  Provided, however, that nothing in this stipulation shall be construed to require a party to violate or refuse to comply with valid orders of any court, or with the rules of procedure of any court.

6. <u>Filing.</u>  A party who seeks to file with the Court any documents, pleadings motions or other papers disclosing any CONFIDENTIAL MATERIAL shall file the CONFIDENTIAL MATERIAL under seal and such CONFIDENTIAL MATERIAL shall be kept under seal until the Court renders a decision on any motion to seal.  Any party can oppose such a motion, regardless of whether or not that party challenged the designation of the specific material as Confidential prior to the filing in question.  The filing party shall make an application to seal or redact the materials containing CONFIDENTIAL MATERIAL in accordance with the Court's Individual Rules, and all applicable standards under the Federal Rules of Civil Procedure for filing under seal shall apply.  A copy of a party's application to seal or redact shall be contemporaneously served on all other parties.

7. <u>Use.</u>  Persons obtaining access to CONFIDENTIAL MATERIAL designated under this Stipulation shall use the material only for preparation, litigation and trial of the Litigation (including appeals and retrials) and shall not use the material for any other purpose. By entering into this Stipulation, no party concedes that any information designated by any other party as CONFIDENTIAL MATERIAL does in fact contain or reflect confidential information as defined herein.  The parties expressly acknowledge that the Court has not made any finding regarding the confidentiality of purportedly CONFIDENTIAL MATERIAL as designated by the

parties and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as CONFIDENTIAL MATERIAL hereunder. By entering into this Stipulation, no party concedes that any information designated hereunder should be treated confidentially at trial nor that any portion of the trial should be closed to the public. Nothing in this Agreement shall be construed to affect the evidentiary admissibility or inadmissibility of any CONFIDENTIAL MATERIAL. This Stipulation and Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any CONFIDENTIAL MATERIAL.

8. <u>Non-Termination.</u> This Stipulation shall remain effective after the conclusion of the Litigation. Within thirty (30) days after final conclusion of all aspects of the Litigation (including any appeals and retrials), CONFIDENTIAL MATERIAL and all copies in the files of all attorneys and all other persons who have possession of such material shall be destroyed, except that counsel of record for each party may maintain in its files customary copies of all pleadings, motion papers, transcripts, exhibits, expert reports, orders, briefs, legal memoranda, and correspondence with the Court, and its customary attorney work product, correspondence, and other case files.

9. <u>No Waiver.</u> The inadvertent disclosure of privileged material by a producing person or its counsel shall not constitute a waiver of any applicable privilege. Should counsel believe that another party inadvertently produced a privileged document, counsel shall promptly notify the producing person. A producing person who inadvertently discloses material it claims to be covered by a privilege shall give notice promptly after discovery of the inadvertent disclosure that the material is privileged, and the material shall be returned or destroyed on request of the producing person or counsel. Persons in receipt of inadvertently disclosed

privileged information shall not view the material upon receipt of notice of inadvertent disclosure from the producing person or counsel. In addition, the disclosure of CONFIDENTIAL MATERIAL pursuant to the procedures set forth in this Stipulation does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information. It is expressly acknowledged that no such right or interests shall be affected in any way by production of Discovery Material designated CONFIDENTIAL MATERIAL in the Litigation.

10. <u>Disputes.</u> If a dispute arises regarding the applicability of the provisions of this Stipulation, the affected parties shall make good faith efforts to resolve the dispute without intervention of the Court. A party shall not be obliged to challenge the propriety of the designation of information as CONFIDENTIAL MATERIAL at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereof whether during the pendency of this litigation or afterwards. A party that objects to another person's designation of Discovery Material as CONFIDENTIAL MATERIAL hereunder shall give the designating person of such CONFIDENTIAL MATERIAL and all parties to this Litigation written notice of such objection, including a specific designation of the Discovery Materials to which objection is raised, and an explanation of the basis for objection. Counsel shall confer within seven (7) business days of such objection to attempt to resolve the dispute. In the event that the dispute is not resolved through such conference, the designating party shall have fifteen (15) business days following notice of objection to move for an order designating the Discovery Material "CONFIDENTIAL." In ruling on such a motion, the burden shall be on the party seeking to preserve confidentiality to establish the confidential nature of the Discovery Material. While such a motion is pending, no disclosure of the CONFIDENTIAL MATERIAL may be made

except in accordance with this Stipulation, and the material will be treated as CONFIDENTIAL MATERIAL pending resolution of the dispute by the Court.

11. <u>Modification Permitted.</u> Nothing in this Stipulation shall prevent any party from seeking from the Court modification of this Stipulation or from objecting to discovery in accordance with the federal rules. Nothing in this Stipulation shall prevent the Court from ordering any appropriate relief with respect to the matters addressed in this Stipulation.

Dated: January 27, 2019

FINN DIXON & HERLING LLP

Michael Q. English
Tony Miodonka
Six Landmark Square
Stamford, CT 06901
Phone: (203) 325-5000

*Attorneys for Plaintiff*

PROSKAUER ROSE LLP

Harris M. Mufson
11 Times Square
New York, New York 10036-8299
Phone: (212) 960-3000

*Attorneys for Defendants*

**So Ordered**, this 30th day of January, 2020:

J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN GARFINKLE,

                         Plaintiff,

                         -against-

THE CONFERENCE ON JEWISH MATERIAL CLAIMS AGAINST GERMANY, INC. and GREGORY SCHNEIDER,

                         Defendants.

19-CV-07007 (JPO)

**STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION**

ACKNOWLEDGMENT OF CONFIDENTIALITY

       I hereby attest that I have read, understand and agree to be bound by the terms, conditions and restrictions of the Stipulation and Order regarding Confidential Information ("Stipulation and Order") in the captioned proceeding. To the extent that I receive Confidential Material within the meaning of the Stipulation and Order, I will act in accordance with my obligations as described in the Stipulation and Order. I further agree that I will maintain the Confidential Material in confidence and will use such material only in accordance with the terms of the Stipulation and Order. I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Stipulation and Order and this Acknowledgment of Confidentiality.

Dated: _____

                                                _____
                                                       Signature

                                                _____
                                                 Printed Name